# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. AW-10-0760 |
| ANDREW ISAAC CHANCE, | * |
| Defendant | * |

*****************************************************************************

## REVISED MEMORANDUM OPINION

The Government has charged Defendant Chance with one count of filing a retaliatory lien, in violation of 18 U.S.C. § 1521, and three counts of filing a false claim, in violation of 18 U.S.C. § 287. (Doc. No. 1.) Presently pending before the Court are two motions and three motions *in limine*. Specifically, the Defendant filed the following:

1. Motion for Severance of Counts (Doc. No. 77)

2. Motion to Strike Surplusage from Indictment (Doc. No. 73)

3. Motion *in Limine* to Preclude the Government from Asking Character Witnesses Guilt-Assuming Hypothetical Questions (Doc. No. 74)

4. Motion *in Limine* to Preclude the Government from Arguing Tax Policy Issues and/or Using Inflammatory Language (Doc. No. 75)

5. Motion *in Limine* to Exclude Improper Opinion Evidence or Inadmissible Hearsay (Doc. No. 76)

On November 10, 2011, the Court held a hearing to consider arguments. For the reasons stated below, the Court **DENIES** Defendant's various motions and motions *in limine*.

**LEGAL ANALYSIS**

I.      Motion to Sever Counts

Defendant moved to sever Count One (filing a retaliatory lien) from Counts Two through Four (filing false claims).  (Doc. No. 77.)  In evaluating Defendant's motion, the Court first considers whether the offenses were properly joined under the standards established in Federal Rule of Criminal Procedure 8(a).  Even if joinder of the offenses is proper pursuant to Rule 8(a), the Court has the discretion to order severance under Federal Rule of Criminal Procedure 14(a) if it finds that Defendant would suffer "undue prejudice" from a single trial.  The Court holds joinder is appropriate under Rule 8(a) and severance is unnecessary under Rule 14(a).

      A.      **Joinder**

Rule 8(a) provides three potential bases for which multiple offenses can be properly joined in a single indictment: (1) the offenses are of same or similar character; (2) the offenses are based on the same act or transaction; or (3) the offenses are connected with or constitute parts of a common scheme or plan.  The Fourth Circuit has held that Rule 8(a) "permits very broad joinder," particularly at the pleading stage.  *United States v. Cardwell,* 433 F.3d 378, 385 (4th Cir. 2005) (quoting *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003)).  In fact, the *Mackins* court characterizes the requirements of Rule 8(a) as not "onerous." *Mackins*, 315 F.3d at 412.  In the present case, joinder is proper under the first and third bases.

         *1.      Offenses are of Similar Character*

Although neither § 1521 nor § 287 requires evidence of the other charge, the lien charge[1] and the false claims charges[2] are of a similar nature and share overlapping elements.  Here, both

---

[1] To convict Defendant of filing a retaliatory lien, the Government must prove: (1) the defendant filed in a public record a false lien or encumbrance; (2) the lien or encumbrance was filed against an U.S. employee's property; (3)

2

crimes involve: (1) filing a false document; (2) filing the false document against the United States or its agents; and (3) knowledge that the filing was materially false.

Additionally, Defendant had a similar modus operandi for each crime. The facts leading to Defendant's 2007 conviction are nearly identical to the facts underlying the false claims charges in the instant case. It is true that Defendant's 2007 conviction is not at issue in this severance motion; Defendant asks the court to sever the retaliatory lien charge from the false claims charges. However, since the Government alleges Defendant filed the false lien against the Assistant U.S. Attorney in retaliation for his 2007 conviction, Defendant's 2007 conviction is inextricably linked to the lien charge. As such, Defendant's similar modus operandi is relevant.

### 2. *Offenses Constitute a Common Scheme*

The Fourth Circuit has interpreted flexibly the third basis for joinder (common scheme or plan)—requiring only that the joined offenses have a "logical relationship" to one another. *Cardwell*, 433 F.3d at 385 (quoting *United States v. Hirschfeld*, 964 F.2d 318, 323 (4th Cir. 1992)). A logical relationship exists when considering the counts individually "paints an incomplete picture of the defendant's criminal enterprise." *Id.* (citations omitted). The appropriateness of joinder turns on the existence of an implied logical relationship, not on immediateness. *See United States v. LaRouche*, 896 F.2d 815, 830 n.5 (4th Cir. 1990) (citations omitted). Therefore, Defendant's emphasis that no temporal relationship exists between the lien charge and the false claims charges is insufficient to hold joinder improper. *See also Cardwell*,

---

the lien or encumbrance was filed because of the employee's performance of official duties; and (4) the defendant knew or had reason to know that such lien or encumbrance contained a materially false or fictitious statement or representation. 18 U.S.C. § 1521.

[2] To convict Defendant of filing false claims, the Government must prove: (1) the defendant knowingly made or presented a claim to the U.S. Treasury Department; (2) the claim was against the United States; and (3) the defendant presented the claim knowing that it was false or fictitious as to a material fact. 18 U.S.C. § 287.

433 F.3d at 386 (finding existence of temporal relationship insufficient to prove two crimes logically related).

Specifically, a common scheme is defined as a "series of acts united by some substantial identity of facts or participants." *United States v. Porter*, 821 F.2d 968, 972 (4th Cir. 1987). As discussed above, factual similarities unite the retaliatory lien charge and false claims charges. According to the Government, not only has Defendant fraudulently requested hundreds of thousands of dollars in tax refunds since 2007, Defendant filed the false lien in order to punish (and dissuade) the Government from prosecuting said criminal activity.

B.    **Severance**

Even when joinder is proper under Rule 8(a), severance may still be appropriate. *See, e.g., Cardwell*, 433 F.3d at 387. Rule 14(a) provides a trial court discretion to sever a prejudicial joinder. In evaluating a severance motion, a trial court balances any possible prejudice to the defendant against the interest of efficiency. *See, e.g., United States v. Cole*, 857 F.2d 971, 974 (4th Cir. 1988) (citations omitted). The decision not to sever is reviewed under the "abuse of discretion" standard.[3] *See, e.g., United States v. Lane*, 474 U.S. 438, 449 n. 12 (1986); *LaRouche*, 869 F.2d at 830–31 (citations omitted). It should be overturned only for "clear abuse affecting substantial rights . . . ." *United States v. Jamar*, 561 F.2d 1103, 1106 (4th Cir. 1977).

The Supreme Court has cautioned that when joinder is proper, "a district court should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). As such, the Fourth Circuit has held that reversal under Rule 14 is "rare"

---

[3] This "abuse of discretion" standard, used to review a court's decision not to sever pursuant to Rule 14(a), is different from the standard used when a trial court misjoins charges under Rule 8(a). *See United States v. Lane,* 474 U.S. 438 (1986). In situations of misjoinder, harmless-error analysis is appropriate. *See id.*

and required only when joining offenses in the same trial would result in "clear prejudice." *Cardwell*, 433 F.3d at 387–88 (quoting *United States v. Acker*, 52 F.3d 509, 514 (4th Cir. 1995)).

In determining whether a defendant will be unduly prejudiced, a court considers several factors, including: (1) the factual overlap between counts; (2) the extent to which evidence of the joined crimes would be mutually admissible in separate trials for each offense; (3) the extent to which evidence of guilt is overwhelming for each charge; (4) the inflammatory nature of each charge; and (5) the likelihood of jury confusion. Similarly, courts have held that proper limiting instructions to the jury often mitigate or cure any risk of prejudice. *See, e.g., Zafiro*, 506 U.S. at 539–40; *Cardwell*, 433 F.3d at 388 (listing cases); *United States v. Sellers*, 62 Fed. Appx. 499, 504 (4th Cir. 2003). After a consideration of these factors, the Court finds the Defendant will not be unduly prejudiced and thus severance is unnecessary.

### 1. *Factual Overlap of the Counts, Extent of Mutually Admissible Evidence*

The possibility of prejudice is greatly diminished when evidence of each charge would have been independently admissible in separate trials for each offense. *See, e.g. Cole*, 857 F.2d at 974. Moreover, when evidence is admissible in separate trials, the interests of judicial economy are furthered by joining the charges. *See id.* Complete, mutual admissibility is not required; prejudice does not automatically result when some evidence is not admissible in separate trials. *See, e.g., United States v. Carmichael*, 685 F.2d 903, 910 (4th Cir. 1982).

Here, evidence relating to the lien charge and evidence relating to the false claims charges would be independently admissible under Rule 404(b) of the Federal Rules of Evidence. As the Government persuasively argues, Defendant's 2007 conviction is relevant to prove each charge in the case. The prior conviction indicates Defendant's motive for filing a retaliatory lien and Defendant's knowledge and intent when he filed nearly identically claims requesting

refunds. As such, the Government cannot provide the jury a full picture of the evidence against the Defendant without referring to evidence from both the lien charge and the false claims charge. Furthermore, as in the case here, when offenses are joined on the basis that they constitute a common scheme or plan, "evidence of one offense would ordinarily be admissible at a separate trial for the other." *United States v. Foutz*, 540 F.2d 733, 737 (4th Cir. 1976).

### 2. *Extent of Overwhelming Evidence*

The possibility of prejudice is also reduced when there is strong evidence against a defendant for each count. *See Jamar*, 561 F.2d at 1107. Although it is difficult to evaluate the evidence against Defendant prior to trial, the available facts indicate that the Government may have a compelling case for each individual charge.

### 3. *Inflammatory Nature of Each Charge*

District courts have found permissive severance appropriate in cases where one charge is much more inflammatory. *See United States v. Gray*, 78 F. Supp. 2d 524, 532 (E.D. Va. 1999) (granting severance of possessing child pornography charge from unauthorized access to government computer charge); *United States v. Stone*, 826 F. Supp. 173, 174 (W.D. Va. 1993) (granting severance of murder for hire charge from insurance fraud charge). In this case, neither the lien charge nor the false claims charges are significantly more inflammatory. Thus, there is little risk that the jury will be unable to consider the evidence for each charge due to being distracted by the inflammatory nature of either charge. Moreover, jury instructions that emphasize the importance of considering each count independently will further reduce the possibility of prejudice.

*4. Likelihood of Jury Confusion*

Since there are essentially only two types of charges at issue in this case, the likelihood of jury confusion is relatively low. *See Jamar*, 561 F.2d at 1108–09. Jurors are likely to keep the evidence for the lien charge properly segregated from the evidence for the false claims charges. Again, jury instructions emphasizing that each count be treated separately will further reduce the possibility of prejudice.

## II. Motion to Strike Surplusage

Defendant moved to strike both the Introduction and the term "retaliatory" from the Indictment. (Doc. No. 77.) Upon a defendant's motion, a court has the discretion to strike surplusage from the indictment. Fed. R. Crim. P. 7(d); *see United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979). Nonetheless, a court should only do so "if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733–34 (4th Cir. 2006). A court should not strike any prejudicial, yet relevant, information in the indictment. *See id.* at 734. Furthermore, the *Williams* court held the defendant suffered no prejudice since the indictment was not given to the jury and the jury was instructed that the indictment was not evidence. *See id.*

### A. Introduction

The Introduction of the Indictment describes Defendant's prior employment, his residence, his 2007 conviction, and the attorney who prosecuted Defendant's 2007 charge. Defendant argues that these statements are immaterial, irrelevant, and extremely prejudicial.

Defendant's prior employment and residence are not prejudicial and, given the charges in this case, are sufficiently relevant to not be considered surplusage. Although Defendant's 2007

conviction is prejudicial, it is clearly relevant. Furthermore, based on the Government's proffered evidence, information regarding Defendant's prior conviction will inevitably be introduced during the trial. Not only will the Government use the 2007 conviction to demonstrate Defendant's knowledge that his recently filed claims were false, the 2007 conviction is also a fundamental basis for the retaliatory lien charge brought against Defendant. Similarly, the information regarding the prosecutor is specifically tied to the retaliatory lien charge. The relevance of each element of the Introduction outweighs any potential prejudice, especially considering that the Court will instruct the jury that the Indictment is not evidence.

### B. "Retaliatory" Lien

The term "retaliatory lien" appears once in the Indictment, in the heading referencing 18 U.S.C. § 1521. Defendant argues that the term "retaliatory" is unnecessarily inflammatory and prejudicial, since it does not appear in the essential elements of the charged offense.

However, the term "retaliatory lien" simply summarizes the elements of this charge and is commonly used in this District to describe violations of this particular statute. While the exact phrase "retaliatory lien" is not explicitly used in the body of § 1521, the heading for this statute is "*Retaliating* against a Federal . . . officer by false claim or slander of title." 18 U.S.C. § 1521 (emphasis added). In order to successfully convict the Defendant of violating § 1521, the Government must prove that the Defendant filed a false lien against a federal employee *on account* of that employee's official duties. Thus, the phrase "retaliatory lien" appropriately summarizes the statutory language and is sufficiently relevant to the elements of the case.

### III. Motions *in Limine*

Defendant filed motions *in limine* to: (1) preclude the Government from asking character witnesses guilt-assuming hypothetical questions (Doc. No. 74); (2) preclude the Government from arguing tax policy issues or using inflammatory language such as "tax defier," "tax protestor," or "paper terrorism" (Doc. No. 75); and (3) exclude improper opinion evidence or inadmissible hearsay (Doc. No. 76). Beyond speculation and precaution, Defendant does not **point** to anything specific. Therefore, the Court denies these motions *in limine* without prejudice. Defendant is free to reassert these motions *in limine* or object during trial if the Government attempts to introduce improper evidence.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Severance of Counts, Motion to Strike Surplusage from Indictment, Motion *in Limine* to Preclude the Government from Asking Character Witnesses Guilt-Assuming Hypothetical Questions, Motion *in Limine* to Preclude the Government from Arguing Tax Policy Issues and/or Using Inflammatory Language, and Motion in Limine to Exclude Improper Opinion Evidence or Inadmissible Hearsay. A separate order will follow.

| November 10, 2011 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |